IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 14 2001

KAREN NELSON,

        Plaintiffs,

vs.

CIVIL NO. 00-1601 BB/WWD

CARSON WATSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte.*

### I. BACKGROUND

On February 15, 2001, Carla Eyberg, Administrative Assistant to Chief Magistrate Judge William W. Deaton, sent a letter to the Plaintiff putting the Plaintiff on notice that, unless action was taken to pursue this matter within 30 days, the Court would dismiss the defendant. As of today, 85 days have elapsed since the date of Ms. Eyberg's letter, and almost six months have elapsed since the filing of the Complaint on November 14, 2000. The Court record reflects that the defendant has not been served with the complaint.

### II. ANALYSIS

D.N.M.LR-Cv 41.1 provides that:

"A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward. The Clerk will give written notice that the action may be dismissed thirty (30) calendar days after the date of the notice, unless good cause is shown."

In her letter, Ms. Eyberg notified the Plaintiff that the Court would take action to dismiss the defendant as provided by Rule 41 of the Rules of the United States District Court



for the District of New Mexico if no action to pursue the matter was taken by the plaintiff within 30 days of the date of the letter. Eighty-five days have now elapsed and the record reflects no activity at all by the plaintiff since the filing of her Complaint on November 14, 2001.

Though not mentioned in Ms. Eyberg's letter, Fed.R.Civ.P. 4(m) also applies in this case. Fed.R.Civ.P. 4(m) provides in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant . . . .

As set forth above no action has been taken by the plaintiff since the initial filing of her Complaint, almost six months ago.

Furthermore, the Court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). Based on the Plaintiffs' lack of action in this case, their complaint shall be dismissed without prejudice for want of prosecution.

**WHEREFORE,**

**IT IS ORDERED** that this cause of action be, and hereby is, **DISMISSED** without prejudice.

_____
UNITED STATES DISTRICT JUDGE